LUIS MUÑOZ SULLIVAN, Petitioner and Appellant, *v.* GERARDO DELGADO, WARDEN OF THE STATE PENITENTIARY, Respondent and Appellee.

No. AP-64-4.    Decided June 16, 1964.

*Luis Muñoz Sullivan, pro se. J. B. Fernández Badillo, Solicitor General,* and *Manuel Tirado Viera, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: It appears from the record that appellant and other males were prosecuted for several offenses of burglary in the first degree. They operated at nighttime with the help of an automobile. The trial commenced before a jury and at a certain stage of the prosecution four of the defendants, personally and through their attorneys, waived the jury, moved for trial by the court, and pleaded guilty.

Appellant herein was convicted. He filed in the Superior Court, Caguas Part, a petition for habeas corpus alleging substantially that he should be released because he had been convicted on the sole testimony of an accomplice which was not corroborated. The Superior Court issued the writ and the

hearing of the petition was held on November 18, 1963. The petition was denied and, feeling aggrieved by the judgment, defendant appealed to this Court.

Appellant made the same contention before this Court: that he was convicted on the testimony of witness Juan Aníbal Pomales; that the latter was his accomplice; and that his testimony was not corroborated pursuant to the provisions of § 253 of the Code of Criminal Procedure, 34 L.P.R.A. § 732 (now Rule 156 of the Rules of Criminal Procedure).

██ Appellant is not right. As we explained in *People v. Montalvo*, 83 P.R.R. 700, 706 (1961), the rule requiring corroboration of an accomplice's testimony stems from the circumstance that his testimony should be weighed with caution, since the same may be based on a supposed promise or expectation of immunity or better treatment for his participation in the commission of the offense. See the authorities therein cited. Furthermore, the modern tendency is to delete the requirement of that anachronistic rule, as labelled by Wigmore, Evidence, vol. 7, p. 322 (3d ed.), since the danger pointed out may be eliminated by adequate instructions on the degree of credibility of the accomplice's testimony, that is, that it should be weighed with caution, and thus the trier, judge, or jury may in each case give to the testimony the credit which it deserves.

██ Witness Pomales was not in a situation of having been the object of promise or expectation of immunity or better treatment because Pomales was a young man 16 years of age,[1] and pursuant to our existing positive law on delinquent minors, Act No. 97 of June 23, 1955, 34 L.P.R.A. § 2001 *et seq.*, every person under 18 years of age is a minor for the purposes of criminal law, and by virtue of the Act *supra* witness Pomales could not be prosecuted for an offense, since Act No. 97 does not provide a proceeding of a criminal nature

---

[1] It does not appear from the record that the Minors' Court had waived its jurisdiction over the minor.

and, therefore, witness Pomales was not an accomplice or coauthor whose testimony must be corroborated. *People* v. *Montalvo, supra* at 706–07.[2]

For the reasons stated, the judgment appealed from will be affirmed.

---

[2] For a study on our existing legislation on minors, see Lassa Díaz, *"Principios Fundamentales que Rigen la Moderna Legislación de Menores,"* 32 *Rev. Jur. U.P.R.* 635 (1963).